WILLIAM N. KAMMER [SBN 53848]
wkammer@swsslaw.com
ADAM R. ROSENTHAL [SBN 246722]
arosenthal@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Defendant
SONY ELECTRONICS INC.

FILED
08 APR 25 AM 10: 25
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

ORIGINAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

'08 CV 739 W LSP

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all others similarly situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS INC., and Does 1 through 10 inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1453(b)**<br><br>State Court Complaint Filed: 4/10/08 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Sony Electronics Inc. ("Sony" or the "Company") hereby removes to this Court the action originally filed in the Superior Court of California in the County of San Diego. The grounds for this removal are:

**SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION**

1. This action involves the sale of Sony's VAIO PCG notebook computers. Plaintiff's class claims are predicated on allegations of unfair competition practices, false and misleading advertising, breach of warranty, and negligence. Plaintiff has brought this action as a putative class action identifying both a national, and in the alternative, a California potential class. Plaintiff purports to represent a national class of: *"All persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in the United States during the four years prior to the initiation of this action up to and including the date of certification of*

*this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops."* *See* Complaint, ¶ 15.

2. This Court has original jurisdiction over this action based on the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act (CAFA). The diversity-of-citizenship requirement is satisfied because at least one member of the putative class is a citizen of a state different from at least one defendant. While Sony disputes the damages allegations, the amount-in-controversy requirement is satisfied because the aggregated claims of the individual members of the putative class are alleged to exceed the sum or value of $5,000,000, exclusive of interest and costs.

**TIMELY REMOVAL**

3. This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b) because it is "filed within 30 days after the receipt by (Sony), through service **or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (Emphasis added).

4. On April 10, 2008, Plaintiff Maria Contreras commenced this action by filing in the Superior Court of the State of California, for the County of San Diego, a complaint captioned *MARIA CONTRERAS, individually and on behalf of all others similarly situated and the general public, Plaintiff, v. SONY ELECTRONICS INC., and Does I through 10 inclusive, Defendants* (the "Complaint"). The action was designated as Case No. 37-2008-00081395-CU-BC-CTL. Exhibit A is a copy of the Complaint.

5. On or about April 10, 2008, Sony's attorney received the Complaint, a Summons, a Notice of Case Assignment, and a Civil Case Cover Sheet (the "Complaint Package") via a private reporting service. As of the date of this Notice, Plaintiff has not served Sony with any documents contained in the Complaint Package, nor has Plaintiff requested that Sony waive service of process.

6. Collectively the documents attached as Exhibits A –D constitute "all process,

pleadings, and orders" Plaintiff filed in the San Diego Superior Court action.

7. Pursuant to 28 U.S.C. § 1446(b), though Sony has yet to be served with any documents contained in the Complaint Package, there is nothing preventing it form timely removing Contreras' lawsuit at this time.

8. Pursuant to 28 U.S.C. § 1446(d), Sony is filing a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, and serving Plaintiff with the Notice of Removal.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. 1332(d)(2)**

9. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Sony may remove this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b) because it is a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Furthermore, at least one member of the putative class is a citizen of a state different from the defendant.

**DIVERSITY OF CITIZENSHIP**

10. The Complaint alleges that Plaintiff Maria Contreras purchased a VAIO PCG-550 notebook in California. *See* Complaint, ¶ 9.

11. Sony was at the time of the commencement of this action, and still is, a Delaware corporation with a principal place of business in San Diego, California.

12. Plaintiff brings this action individually and as a representative of a putative class:

> All persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in the United States during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops. *See* Complaint, ¶ 15.

13. Plaintiff's allegations regarding the "all persons or entities" satisfy the diversity of citizenship test set forth in section 1332(d)(2)(A). This class is believed to consist of putative plaintiffs who are citizens of all fifty states because there are persons and entities

from numerous states who purchased Sony VAIO PCG notebooks in the PCG series. Many members of the putative class therefore are citizens of a state different from the defendant because the citizenship of Sony is limited to the states of Delaware and California.

**AMOUNT-IN-CONTROVERSY**

14. The amount-in-controversy requirement of section 1332(d)(2) is satisfied because Plaintiff seeks, *inter alia*, restitution and disgorgement of all amounts obtained by Sony in the sale of VAIO PCG notebooks; actual and/or statutory damages for injuries suffered by Plaintiff and the Class; and punitive damages. The amount in controversy therefore exceeds the sum value of $5,000,000, exclusive of interest and costs. *See* Complaint, "Prayer For Relief" ¶¶ B- D.

15. According to Plaintiff, "the members of the Class are so numerous that joinder of all members would be impractical." *See* Complaint, ¶ 16. Furthermore, Plaintiff estimates that there are "many thousand purchasers of the Vaio PCG laptops." *Id.*

16. Though Defendant vehemently disputes Plaintiff's damages claims, Plaintiff nonetheless seeks restitution of all monies paid by the class members, among other forms of relief. Though not fully delineated in Plaintiff's Complaint, Sony's U.S. sales of PCG-series notebooks are in excess of 50,000 computers and resulted in revenues exceeding $500 million. Thus the amount-in-controversy requirement under 28 U.S.C. § 1332(d)(6) is met.

17. In addition to the preceding amounts, Plaintiff alleges that she is entitled to an order that Sony "cease its wrongful conduct" and "correct the defects in the Laptops." *See* Complaint "Prayer for Relief" ¶ D These forms of relief would involve additional costs of compliance. See *BEM I, L.L.C. v Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (cost to defendant of complying with injunctive relief may be considered in determining amount-in-controversy for purposes of removal); *In re Ford Motor Company/Citibank (So. Dakota)*, N.A., 264 F.3d. 952, 958 (9th Cir. 2001) ("the test for determining the amount-in-controversy is the pecuniary result to either party which the judgment would directly produce"). This additional requested equitable relief further demonstrates that the amount-in-controversy exceeds $5,000,000.

**THE COURT SHOULD NOT DECLINE JURISDICTION**

18. Sections 1332(d)(3) and 1332(d)(4) preclude a court from declining to exercise its jurisdiction where less than one-third of the members of a plaintiff's proposed class (in the aggregate) are citizens of the state in which the action was originally filed. That is true of plaintiff's proposed class in this case; less than one-third would be citizens of California.

19. Plaintiff purports to represent a class of "all persons and entities." Plaintiff fails to specify the total number of Californians who would be part of her putative class. Almost all Sony notebooks at issue were sold via a comprehensive national network that consists initially of 75 "customers", many of whom are large national resellers. These customers do not provide Sony with geographic data concerning their sales and resales. Nevertheless, based on its appreciation of the market for consumer electronics, Sony estimates that the geographic distribution of its notebook sales mirrors the distribution of the American population. Because California represented only 12% of the national population in the 2000 census, Sony alleges that the sales of notebooks to California citizens cannot exceed one-third of its total sales.

20. Furthermore, there could be no reason for the Court to decline to exercise jurisdiction in this case even if the number of California class members was above one-third (but below two-thirds). A consideration of the factors set forth in section 1332(d)(3) weighs heavily in favor of retaining federal jurisdiction under CAFA.

21. The claims asserted involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(a). Plaintiff purports to represent similarly situated individuals throughout the United States in bringing claims against Sony for failing to properly manufacture its notebooks and for engaging in unfair, deceptive, and misleading advertising and business practices. Under these circumstances, Plaintiff's claims clearly implicate interstate commerce. The interests of putative plaintiffs in many states will be affected if Plaintiff is ultimately successful in her petition to certify this case as a nationwide class action.

///

///

WHEREFORE, Sony hereby removes this action now pending against it in the Superior Court of the State of California, County of San Diego, to this honorable Court.

DATED: April 24, 2008

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: [signature]

WILLIAM N. KAMMER
ADAM R. ROSENTHAL
Attorneys for Defendant
SONY ELECTRONICS INC.

EXHIBIT A

HOUMAN FAKHIMI, ESQ.
C.S.B. No.: 195638
**FAKHIMI & ASSOCIATES**
3 Hutton Centre Drive, Suite 620
Santa Ana, California 92707
Tel.: (714) 542-2188
Fax: (714) 542-3119

GREGG A. FARLEY
C.S.B. No.: 115593
**LAW OFFICES OF GREGG A. FARLEY**
11755 Wilshire Boulevard, Suite 1300
Los Angeles, California 90025
Tel.: (310) 445-4024
Fax: (310) 445-4109

Attorney for Plaintiff MARIA CONTRERAS appearing individually and on behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

J.K.

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all others similarly situated, and the Genral Public<br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendants. | Case No. **37-2008-00081395-CU-BC-CTL**<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR:**<br>**(1) Violation of Unfair Competition Law**<br>**(2) Violation of False Advertising Law**<br>**(3) Violation of the CLRA**<br>**(4) Breach of Express and Implied Warranties**<br>**(5) Violation of Song-Beverly Warranty Act**<br>**(6) Unjust Enrichment/Restitution**<br>**(7) Negligence**<br><br>**Jury Trial Demanded** |



ORIGINAL

Plaintiff, MARIA CONTRERAS ("Plaintiff" or "Contreras) brings this action against Defendant, Sony Electronics Inc., ("Sony" or "Defendant"), on behalf of herself and all others similarly situated, and alleges upon information and belief, except for matters within her own personal knowledge, as follows:

**OVERVIEW**

1. Plaintiff brings this action to obtain damages, restitution, and injunctive Relief, individually and on behalf of the proposed classes defined below ("Classes").

2. As alleged more fully below, Sony manufactured, distributed and sold within the United States and the State of California Sony Vaio laptop computers in the PCG series (the "Vaio PCG laptops" or "Laptops") which include significant defects that impair the value of the Laptops and that may lead to the malfunction and destruction of major components in the Laptops. On information and belief, the defects in the Vaio PCG laptops extend to other series or models of Sony laptops as well, and plaintiff expressly reserves the right to amend this Complaint to include such other series or models at the appropriate time.

3. Based on information and belief, Sony concealed and failed to disclose material facts regarding the Vaio PCG laptops, including defects that cause the Vaio PCG laptops to fail at an abnormally high rate and to be unusable in the manner and to the extent to which they were advertised. Furthermore, Sony has advertised the Laptops in a false and misleading manner by concealing and failing to disclose such defects.

4. On information and belief, Sony was aware, prior to or during the manufacturing, distribution and sales of the Vaia PCG laptops that the product's power cord connection slots were defective and would cause, even with normal use, a substantial number of the Vaio PCG

laptops to shut down, not charge their batteries, and short circuit the motherboard, requiring expensive repairs.

5. Sony has refused, and continues to refuse, either to warn consumers about the defects inherent in the Vaio PCG laptops or to correct the problems and defects inherent in the Vaio PCG laptops.

6. As a result of Sony's concealment of the defects, false advertising and failure to warn, Plaintiff and members of the Classes purchased thousands of Vaio PCG laptops in the United States and California, and have suffered, and continue to suffer, loss of money and property as a result of Defendants' business practices and other conduct.

7. As alleged below, Plaintiff asserts claims on behalf of herself and the Classes under (i) the Unfair Competition Law ("UCL" or "Section 17200"), Business and Professions Code §§ 17200 *et seq.*, (ii) the False Advertising Law ("FAL" or "Section 17500"), Business and Professions Code §§ 17500 *et seq.*, (iii) the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*, (iv) breach of express and implied warranties, (v) Song-Beverly Warranty Act, Civil Code § 1790 et seq., (vi) unjust enrichment/restitution, and (vii) negligence.

8. Plaintiff seeks actual damages, restitution, disgorgement, injunctive and equitable relief, including the replacement and/or recall of the defective laptops, costs and expenses of litigation, including attorney's fees, and all additional and further relief as may be appropriate.

**THE PARTIES**

9. Plaintiff Contreras is a resident of the State of California who resides in Orange County, California. Plaintiff Contreras purchased a Vaio PCG-K37 laptop in January of 2005 from a Fry's Electronics store in Santa Ana, California. As described below, Contreras has experienced problems with the Laptop, including the complete failure of the Laptop and loss of

the original motherboard, and as a result she has been forced to incur additional expense for repairs.

10. On information and belief, Defendant Sony is a Delaware corporation with its executive offices and principal place of business San Diego County, California. Sony is one of the world's leading manufacturers and sellers of computer-related products and other technology products. Sony's products are purchased by consumers in ever county of the State of California and the United States of America.

11. Plaintiff does not know the true names or capacities of the Defendants sued herein as Does 1 through 10, inclusive, and, for that reason, said Defendants are sued under such fictitious names. Plaintiff is informed and believes and, based thereon, alleges that each of said fictitious Defendants is and was responsible in some manner for the injuries complained of herein. Plaintiffs will seek leave to amend to name and serve such fictitiously named Defendants pursuant to Code of Civil Procedure Section 474 once their identities become known.

12. Plaintiffs are informed and believe and, based thereon, allege that Defendants were at all times relevant hereto members of, and engaged in, a joint venture, partnership, association or common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership, association or common enterprise. Furthermore, Plaintiffs are informed and believe and, based thereon, allege that at all times relevant hereto Defendants conspired together in, aided and abetted, contributed to, and/or acted as agents or employees of each other with respect to, the commission of the acts complained of herein. Defendants are therefore jointly and severally liable for the injuries complained of herein.

## JURISDICTION AND VENUE

13. This action is brought to remedy Sony's violations of state consumer protection and warranty statutes based upon the design, manufacture, distribution, marketing, sale, advertisement and customer service of the Vaio PCG laptops.

14. This Court has subject matter jurisdiction over this class and representative action pursuant to Business and Professions Code §§ 17200 *et seq.*, Business and Professions §§ 17500 *et seq.*, Civil Code §§ 1750 *et seq.*, and Code of Civil Procedure § 382. Venue is proper in this judicial district because Defendant maintains its executive offices and principal place of business in this County, Defendants, conducts substantial business within this County, many of the acts described in this Complaint occurred in and/or were directed from this judicial district, and defending an action here would pose no undue burden on Defendant.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section 382 and Civil Code Section 1781, on behalf of herself and the following Class (hereinafter "the National Class"):

> All persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in the United States during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops.

In the alternative, Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section 382 and Civil Code Section 1781, on behalf of herself and the following Class (hereinafter, "the California Class"):

> All persons or entities who purchased Sony Vaio PCG laptops in the PCG series, in the State of California during the four years prior to the initiation of this action up to and including the date of certification of this action as a class action. Excluded from this Class are Defendants, their affiliates, employees, officers, directors and legal counsel; and any and all persons or entities that distribute or sell Vaio PCG laptops.

Plaintiff reserves the right to amend these Class definitions when and if appropriate.

16. The members of the Classes are so numerous that jonder of all members would be impracticable. Plaintiff estimates that there are many thousands of purchasers of the Vaio PCG laptops in the United States and California.

17. Questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including:

(a) Whether the Vaio PCG laptops fail at unacceptably high rates, are defectively designed or manufactured, and are not of merchantable quality;

(b) Whether Sony made false or misleading statements to the Classes concerning the defects in the Vaio PCG laptops;

(c) Whether Sony knew, or was reckless in not knowing, that its statements about the performance and reliability of the Vaio PCG laptops were false or misleading;

(d) Whether Sony concealed from the Class that the Vaio PCG laptops fail at unacceptably high rates, are defectively designed or manufactured, and are not of merchantable quality;

(e) Whether Sony's false or misleading statements of fact, and its concealment of material facts, regarding the performance and reliability of the Vaio PCG laptops were likely to deceive the public;

(f) Whether, by virtue of the misconduct set forth in this Complaint, Sony has engaged in a unfair, deceptive or unlawful business practices with respect to the Vaio PCG laptops;

(g) Whether, by virtue of the misconduct set forth herein, Sony has engaged in unfair, deceptive, untrue, or misleading advertising of the Vaio PCG laptops;

(h) Whether, by its conduct, Sony violated the Consumer Legal Remedies Act, the Song-Beverly Act and implied warranties;

(i) Whether Sony has breached its implied warranties to Plaintiff and the Classes; and

(j) Whether, as a result of Defendants' misconduct, Plaintiff and the Classes are entitled to damages, restitution, injunctive relief, equitable relief and/or other relief, and, if so, the nature and amount of such relief.

18. Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff has no interests antagonistic to those of the Classes and is subject to no unique defenses.

19. Plaintiff will fairly and adequately protect the interests of the Classes and has retained attorneys experienced in class and complex litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

(a) It is economically impractical for members of the Classes to prosecute individual actions;

(b) The Classes are readily ascertainable;

(c) Prosecution as a class action will eliminate the possibility of repetitious litigation; and

(d) A class action will enable claims to be handled in an orderly and expeditious manner, saving time and expense and ensuring uniformity of decisions.

21. Certification of such the Classes under the laws of California is appropriate because:

(a) Sony is a corporation conducting substantial business in and from California;

(b) Sony's principal executive offices, as well as its corporate headquarters, are located in California;

(c) Sony's marketing, promotional activities and literature are coordinated at, emanate from, and/or are developed at its California headquarters;

(d) The UCL and FAL claims asserted in this Complaint may be maintained by out-of-state Class members regarding false advertising and unfair/deceptive business practices emanating from the State of California; and

(e) A significant number of Class members reside in the State of California.

**SUBSTANTIVE ALLEGATIONS**

22. Sony represented and advertised the Vaio PCG laptops as being good quality and reliable products fit for consumer use. The Vaio PCG laptops are typically priced in the $1,500-$2,500 range. Plaintiff's experiences, mirroring those of thousands of other Class members who purchased Laptops from the Vaio PCG laptop series, demonstrate that Sony's representations and advertising about the quality and reliability of the Vaio PCG laptops were untrue.

23. Plaintiff purchased a Vaio PCG-K37 laptop for approximately $1,700 from a Fry's store in Santa Ana California in January of 2005.

24. More than a year after Plaintiff purchased her Vaio PCG laptop, the battery inside her Laptop ceased charging. Sometime thereafter, the power cord slot in the Laptop caused a "short circuit" which burned the motherboard, thereby rendering the Laptop useless.

25. Plaintiff eventually sent the Laptop to a computer repair business. On information and belief, the computer repair business has developed a niche specialty repairing this defect in the PCG Laptop, inasmuch as numerous consumers have experienced precisely the same defect. On information and belief, a representative of the computer repair business has contacted Sony and been advised that Sony would not provide any assistance in connection with the repair or correction of the defects in the Laptop.

26. On information and belief, thousands of consumers in the United States and California have suffered the same or similar damages and losses as Plaintiff with the Vaio PCG laptops.

27. On information and belief, Sony has misrepresented and concealed the defects in the Vaio PCG laptops by falsely denying the existence of the defects.

26. To date, Sony has failed and refused to take any effective action to remedy or correct the defects in the Vaio PCG laptops. Defendant has also failed and refused to warn and notify Plaintiff and the other members of the Classes regarding the Laptop defects.

27. The harm caused by Defendants' misconduct grossly outweighs any benefit that could be attributed to them. Unless remedied, Defendants' ongoing misconduct will result in continued loss of money and property by members of the Classes.

## FIRST CAUSE OF ACTION

**Violations of Unfair Competition Law**
**(Bus. & Prof. Code § 17200 et seq.)**

**(Against All Defendants)**

28. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

29. Plaintiff brings this cause of action on behalf of herself and the Classes.

30. Defendants have engaged in unfair, unlawful, and fraudulent business practices as set forth above.

31. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Business and Professions Code § 17200 *et seq*.

32. Defendants' acts and practices have furthermore deceived and/or are likely to deceive members of the consuming public and therefore constitute fraudulent or deceptive business practices under Business and Professions Code § 17200 *et seq*.

33. Defendants' acts and practices are also unlawful under Business and Professions Code § 17200 *et seq.* because they violate Civil Code §§ 1572, 1709, 1710, 1750 *et seq.*, 1770(a)(5), 1770(a)(7), and 1770(a)(9). Defendants' acts and practices are additionally unlawful because they constitute false advertising in violation of Business and Professions Code § 17500 *et seq*. Specifically, Defendant Sony falsely advertised and marketed the Vaio PCG laptops as being good quality and reliable, and deceptively failed to disclose the above-described defects. Defendants' acts and practices are similarly unlawful because they violate the Song-Beverly Consumer Warranty Act, Civil Code § 1790 *et seq*.

34. Plaintiff, on behalf of herself and the Classes seeks an order of this Court awarding restitution, disgorgement, injunctive and equitable relief, and any and all other relief allowed under Section 17200 *et seq*., together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**SECOND CAUSE OF ACTION**

**False Advertising Law**
**(Violation of Bus. & Prof. Code § 17500 et seq.)**

**(Against All Defendants)**

35. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

36. Plaintiff brings this cause of action on behalf of herself and the Classes.

37. Beginning in or before January 2005, Sony engaged in advertising and marketing to the public and offered for sale Vaio PCG laptops throughout the United States and California.

38. Sony has engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of Vaio PCG laptops.

39. Sony's advertisements and marketing representations regarding the technical and other characteristics of Vaio PCG laptops are false, misleading, and deceptive, as set forth more fully above.

40. At the time it made and disseminated the statements alleged herein. Sony knew of should have known that the statements were untrue or misleading and acted in violation of Business and Professions Code §§ 17500 *et seq.*

41. Sony actively concealed its knowledge that Vaio PCG laptops contained design or manufacturing defects.

42. Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, disgorgement, injunctive and equitable relief, and any and all other relief allowable under Section 17500 *et seq.*, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**THIRD CAUSE OF ACTION**

**(Violation of CLRA)**

**(Against All Defendants)**

43. Plaintiff alleges and incorporates the above allegations by reference as if set forth fully herein.

44. This claim arises under the Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750 *et seq.*

45. At all times relevant hereto, Plaintiff and the other members of the Classes were "consumers" as that term is defined in Civil Code § 1761(d).

46. At all times relevant hereto, Sony's Vaio PCG laptops constituted "goods" as that term is defined in Civil Code § 1761(a).

47. At all times relevant hereto, Defendants constituted "persons" as that term is defined in Civil Code § 1761(c).

48. At all times relevant hereto, the purchases of Sony's Vaio PCG laptop by Plaintiff and the other members of the Classes constituted "transactions" as that term is defined in Civil Code §1761(e).

49. At all times relevant hereto, Defendants provided "goods" to Plaintiff and the other members of the Classes within the meaning of Civil Code § 1761(a).

50. The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: (5) Representing that goods…have…approval, characteristics, uses, benefits…which they do not have, (7) Representing that goods…are of a particular standard, quality or grade…if they are of another, (9) Advertising goods…with intent not to sell them as advertised." Civil Code §§ 1770(a)(5),(7) and (9).

51. Defendant Sony made, and continues to make, uniform written representations that the Vaio PCG laptop is a high quality product that will perform as represented. These representations, as set forth above, were false, deceptive and/or misleading and were in violation of the CLRA.

52. Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770, and this Plaintiff is hereby seeking such injunction to prevent further illegal conduct by Sony.

53. Plaintiff has sent a notice to Sony pursuant to Civil Code § 1782. In the event Sony refuses to comply with the Code's requirements, Plaintiff on behalf of herself and the Classes will seek to amend this Complaint to add a request for damages under CLRA.

54. Plaintiff and the Classes are also entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

## FOURTH CAUSE OF ACTION

**(Breach of Express and Implied Warranties)**

**(Against All Defenants)**

55. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

56. Sony impliedly represented and warranted that the Laptops were free of defects, merchantable, and fit for their intended purpose. Sony also expressly represented and warranted through its advertising that the Laptops were of good quality and reliable

57. Sony breached these express and implied representations and warranties. Sony made and/or allowed these representations and warranties to be made with the intent of inducing Plaintiff and other members of the Classes to purchase the Laptops. If the Plaintiff and the members of the Classes had known the true facts, they would not have purchased Laptops or paid as much as they did for them.

58. By virtue of its knowledge of the defects and of complaints made by Plaintiff and other members of the Classes, Sony has received notice of breach of its express and implied warranties.

59. Contractual privity, if required, exists between Sony, on the one hand, and Plaintiff and the other members of the Classes, on the other hand, inasmuch as, *inter alia*: (i) Sony had direct communications with members of the Classes with respect to the Laptop through television, newspaper, internet, magazine advertisement; (ii) dealers that sold the Laptops are agents, in law or fact, of Sony; (iii) Sony has entered into contracts with members of the Classes in connection with assurance of "limited" warranties; (iv) Plaintiff and other members of the

Classes are third-party beneficiaries of warranties that ran from Sony to its dealers or distributors such as Fry's.

60. In addition, Sony has received, on information and belief, numerous complaints and other notices from its customers worldwide advising Sony of the defects in the Vaio PCG laptops, including complaints from members of the Classes. Despite this notice and Sony's knowledge, Sony refuses to honor its express and implied warranties, even though it knows of the defects in the Vaio PCG laptops.

61. As result of Sony's breach of express and implied warranties, Plaintiff and the Classes have suffered damages in an amount to be determined at trial, and they are entitled to recover compensatory damages, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**FIFTH CAUSE OF ACTION**

**Violation of Song-Beverly Warranty Act**
**(Civil Code §§ 1790 et seq.)**

**(Against All Defendants)**

62. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

63. The Vaio PCG laptops are "consumer goods" within the meaning of Civil Code § 1791(a).

64. Sony's implied warranties of merchantability and fitness arose out of sales of the Vaio PCG laptops to Plaintiff and the rest of the Classes. Similarly, Sony made express

representations and warranties that the Laptops were of good quality and reliable, through its advertising.

65. As more fully set forth above, Sony has failed to comply with its obligations under its express and implied warranties.

66. Plaintiff and the Class have suffered and will continue to suffer damages as a result of Sony's failure to comply with its warranty obligations. Accordingly, Plaintiff and all Class members are entitled to recover damages under the Song-Beverly Consumer Warranty Act, including damages, pursuant to Civil Code §§ 1791.1(d) and 1794. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**SIXTH CAUSE OF ACTION**

**(Unjust Enrichment/Restitution)**

**(Against All Defendants)**

67. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

68. Defendant Sony marketed, advertised and/or promoted the Laptops as merchantable, free of defect, and fit for the ordinary purpose for which they were to be used.

69. Defendant accepted payments received from Plaintiff and other members of the Classes for the purchase of the Laptops.

70. Plaintiff and other Class members did not receive Laptops that were free of defect, fit for the ordinary purpose for which they were sold.

71. It would be unjust for Defendants to retain possession of money received from Plaintiff and the Classes, in light of Defendants' misconduct, inasmuch as Plaintiff and other members of the Classes did not in fact receive products that were merchantable, free of defect,

and fit for the ordinary purpose for which they were being sold. As a result, Plaintiffs and the Classes are entitled to receive restitution of payments made for the purchase of the Laptops, together with interest and attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine.

**SEVENTH CAUSE OF ACTION**

**(Negligence)**

**(Against All Defendants)**

72. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

73. The Laptops were defectively designed or manufactured.

74. While Sony was manufacturing, distributing or selling the Laptops, it was aware, or reasonablly should have been aware, of the foreseeable risk of damage associated with the use of the Laptop.

75. Sony had a duty to disclose to the consuming public then foreseeable risks associated with operation of the Laptops. Sony further had a duty not to place defective products into the marketplace.

76. Sony breached its duties to Plaintiff and other Class members by allowing the sale of a defective product and by not warning the consumers of the risks associated with the normal use of the same.

85. As a result of the foregoing, Plaintiff and Class Members have suffered damages that were directly and proximately caused by the defective Laptops and are entitled to damages in an amount to be determined at trial, together with interest and attorneys' fees and costs pursuant

to Code of Civil Procedure § 1021.5, the "private attorney general doctrine" doctrine, the "substantial benefit" doctrine, the "common fund" doctrine, or any other applicable theory or doctrine. Plaintiff and the Classes are furthermore entitled to injunctive or equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants for as follows:

A. An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Classes;

B. Restitution and disgorgement of all amounts obtained by Sony as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations (except for the CLRA cause of action);

C. Actual and/or statutory damages for injuries suffered by Plaintiff and the Classes in the maximum amount permitted by applicable law (except for the CLRA cause of action);

D. An order requiring Sony to cease its wrongful conduct as set forth above and correct the defects in the Laptops;

E. Reasonable attorneys' fees and the costs of prosecuting this action;

F. Pre-judgment interest; and

G. Such other relief as this Court may deem just and proper.

Dated: April 2, 2008

FAKHIMI & ASSOCIATES

Houman Fakhimi, Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all triable issues in the above-entitled action.

Dated: April 2, 2008

FAKHIMI & ASSOCIATES

Houman Fakhimi, Attorney for Plaintiff

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

19

08 ... 10: 29

... COURT
... COUNTY, CA

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SONY ELECTRONICS, INC., and Does 1 through 10 inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARIA CONTRERAS, Individually and on Behalf of All Others Similarly Situated and the General Public,

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, San Diego
220 W Broadway,

San Diego, CA 92112
Central Division

CASE NUMBER: *(Número del Caso):* **37-2008-00081395-CU-BC-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Houman Fakhimi, CSB 195638 714-542-2188
Fakhimi & Associates
3 Hutton Centre Dr, Suite 620
Santa Ana, CA 92707

DATE: *(Fecha)* APR 10 2008 Clerk, by *(Secretario)* [signature] S. Dyson, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]
SUPERIOR COURT ... SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ other *(specify)*:
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

ORIGINAL

EXHIBIT B
PAGE 20

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

EXHIBIT C

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Houman Fakhimi, CSB 195638
Fakhimi & Associates
3 Hutton Centre Dr, Suite 620
Santa Ana, CA 92707

TELEPHONE NO.: 714-542-2188 FAX NO.:
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

08 APR 18 AM 11:29

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92112
BRANCH NAME: Central Division

CASE NAME: Contreras v. SOny

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00081395-CU-BC-CTL |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 4
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3-27-08
Houman Fakhimi, CSB 195638
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 685-6144

PLAINTIFF(S) / PETITIONER(S): Maria Contreras

DEFENDANT(S) / RESPONDENT(S): Sony Electronics Inc

CONTRERAS VS. SONY ELECTRONICS INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00081395-CU-BC-CTL |
|---|---|

Judge: Ronald S. Prager Department: C-71

**COMPLAINT/PETITION FILED:** 04/10/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 150182 - MB

April 25, 2008
10:34:16

Civ Fil Non-Pris
USAO #.: 08CV0739 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: BC10178

Total-> $350.00

FROM: MARIA CONTRERAS VS
SONY ELECTRONICS INC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 APR 25 AM 10: 24

**I. (a) PLAINTIFFS**
MARIA CONTRERAS, individually and on behalf of others similarly situated,

**(b)** County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Houman Fakhimi (195638) (714) 542-2188
3 Hutton Centre Dr., Santa Ana, CA 92707

**DEFENDANTS**
SONY ELECTRONICS, INC., and Does 1 through 10, inclusive,

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 739 W LSP

Attorneys (If Known)
William N. Kammer (53848) (619) 231-0303
401 B Street, Suite 1200, San Diego, CA 92101

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1453(b)
Brief description of cause: Plaintiff alleges various causes of action related to Defendant's consumer electronics products.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 5,000,000+
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE IEG (CAB) DOCKET NUMBER 08CV0224 IEG (CAB)

DATE 4/24/08 SIGNATURE OF ATTORNEY OF RECORD Bill Kammer

**FOR OFFICE USE ONLY**

RECEIPT # 150182 AMOUNT 350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TB 04/25/08

CR

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

WILLIAM N. KAMMER [SBN 53848]
wkammer@swsslaw.com
ADAM R. ROSENTHAL [SBN 246722]
arosenthal@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Defendant Sony Electronics Inc.

FILED
08 APR 25 AM 10: 26
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIA CONTRERAS, individually and on behalf of all other similarly situated, and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>SONY ELECTRONICS, INC., and Does 1 through 10 inclusive,<br><br>Defendant. | CASE NO.<br><br>'08 CV 739 W LSP<br><br>**PROOF OF SERVICE** |

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

On April 25, 2008, I served a copy, including all exhibits, if any, of the following document(s):

1. **NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1453 (b); AND**
2. **CIVIL COVERSHEET.**

on the parties in this action listed in the attached Proof of Service List, which is incorporated herein by this reference, by the following means:

☒ **(BY MAIL)** I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware

that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY PERSONAL SERVICE)** I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ **(BY FACSIMILE)** This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report, a copy of which is attached to this affidavit.

☐ **(BY EMAIL)** This document was transmitted by email transmission from rtang@swsslaw.com and the transmission was reported as complete and without error. I then caused the transmitting computer to properly issue a transmission report, a copy of which will be filed on demand.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made.

Executed on April 25, 2008 at San Diego, California.

Rose Tang

Rose Tang

**PROOF OF SERVICE LIST**

Houman Fakhimi, Esq.
FAKHIMI & ASSOCIATES
3 Hutton Centre Drive, Suite 620
Santa Ana, CA 92707
Tel. (714) 542-2188
FAX (714) 542-3119

Gregg A. Farley, Esq.
LAW OFFICES OF GREGG A. FARLEY
11755 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025
Tel. (310) 445-4024
FAX (310) 445-4109

Attorneys for Plaintiff